**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4432**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TYRONE JOHNIKEN, a/k/a Hassan Muhammed, a/k/a Roland,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   James K. Bredar, District Judge. (1:11-cr-00426-JKB-2)

Submitted:  June 19, 2014               Decided:  June 27, 2014

Before KING, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Gladstone, LAW OFFICE OF JONATHAN GLADSTONE, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Tyrone Johniken of conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d) (2012); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C.A. § 1959(a)(5) (West 2012 & Supp. 2013); and conspiracy to possess with intent to distribute and distribute heroin and cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Johniken to life imprisonment and he now appeals. For the reasons that follow, we affirm.

On appeal, Johniken challenges the district court's admission of the testimonies of two witnesses regarding statements made (1) by one of Johniken's coconspirators, and (2) by the victim of the murder. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Moreover, "[u]nder Rule 52 of the Federal Rules of Criminal Procedure, [a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." United States v. Medford, 661 F.3d 746, 751-52 (4th Cir. 2011). An error has a substantial and injurious effect only if it affected

the verdict; if the evidence of guilt is overwhelming or cumulative, any error is not harmful. Id. at 751-52.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is generally inadmissible. Fed. R. Evid. 802. However, "[a] statement is not hearsay if it is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy and is offered against the party." United States v. Graham, 711 F.3d 445, 453 (4th Cir.), cert. denied, 134 S. Ct. 449 (2013) (internal quotation marks and citation omitted); see also Fed. R. Evid. 801(d)(2)(E). "A statement by a co-conspirator is made in furtherance of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." Graham, 711 F.3d at 453 (citations omitted).

In addition, hearsay statements are admissible where the declarant is unavailable to testify because the party against whom the statements are offered wrongfully caused the declarant's unavailability and did so intending that result. Fed. R. Evid. 804(b)(6). "Such wrongful conduct includes but is not limited to murdering a witness." United States v. Jackson, 706 F.3d 264, 267 (4th Cir.), cert. denied, 133 S. Ct. 2782 (2013) (internal quotation marks and citations omitted). In

3

order for the exception to apply, the desire to keep the witness from testifying must be a reason for procuring the unavailability of the declarant, but not necessarily the only motivation. Id.

We have thoroughly reviewed the record and the relevant legal authorities and conclude that "assuming, without deciding, that the district court erred, . . . any such error was harmless." Medford, 661 F.3d at 751. The evidence of Johniken's guilt presented at trial was overwhelming and therefore any error did not affect Johniken's substantial rights. See id. at 751-52.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED